**SCOTT & WINTERS LAW FIRM, LLC**
**Joseph F. Scott** (Ohio - 0029780)
(Application for Admission Pro Hac Vice *forthcoming*)
**Ryan A. Winters** (Ohio - 0086917)
(Application for Admission Pro Hac Vice *forthcoming*)
**Kevin M. McDermott II** (Ohio - 0090455)
(Application for Admission Pro Hac Vice *forthcoming*)
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| EMANUELE STEVENS, *individually and on behalf of all others similarly situated*, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | **PLAINTIFF'S ORIGINAL FED. R. CIV. P. 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT** |
| *v.* | ) ) | |
| PEPSICO INC., BOTTLING GROUP, LLC, and CB MANUFACTURING COMPANY, INC. | ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) | |

Plaintiff Emanuele Stevens, by and through counsel, for his Class and Collective Action Complaint against Defendants PepsiCo Inc., Bottling Group, LLC, and CB Manufacturing Company, Inc. (hereinafter also collectively referred to as "Defendants"), states and alleges the following:

**INTRODUCTION**

1.    The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.* is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law, O.R.C. Chapter 4111, and other state laws further required the payment of overtime compensation.

2.      Upon information and belief, in or about mid-December 2021, Defendants' payroll provider, Ultimate Kronos Group ("Kronos"), was subject to a purported cybersecurity incident.[1]

3.      The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7 ("[e]ach employer shall keep the records required by this part **safe and accessible** at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained") (emphasis added); O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. To the extent that Defendants maintained

---

[1] *See* https://www.usatoday.com/story/tech/2021/12/13/kronos-ransomware-attack-2021/6501274001/ (last accessed Jan. 28, 2022).

the records at a central recordkeeping office, other than in the place or places of employment, these records were required to be available within 72 hours. *See* 29 C.F.R. § 516.7

4.      By failing to keep accurate records of hours worked, notwithstanding Defendants' enumerated obligations under the FLSA, Ohio law, and other state laws, Defendants have not recorded or paid all overtime hours worked to their hourly non-exempt employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, in violation of the FLSA and Ohio law since approximately mid-December, 2021, after the outset of the Kronos cybersecurity incident.

5.      Plaintiff brings this case to challenge the policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

6.      Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

7.      Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

8.      Plaintiff and other members of the FLSA Collective and Ohio Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, in addition to prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.     This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

11.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this district and division.

## PARTIES

12.     Plaintiff Emanuele Stevens is an individual and a resident of Lake County, Ohio.

13.     Defendant PepsiCo Inc. is a North Carolina for-profit corporation with its principal executive office address at 700 Anderson Hill Road, Purchase, New York, 10577. According to records maintained by the New York Department of State, Division of Corporations, Defendant PepsiCo Inc.'s agent for service of process is C T Corporation System, 28 Liberty St., New York, NY, 10005.

14.     Defendant Bottling Group, LLC is a Delaware for-profit limited liability company. According to records maintained by the New York Department of State, Division of Corporations, Defendant Bottling Group, LLC's agent for service of process is C T Corporation System, 28 Liberty St., New York, NY, 10005.

15.     Defendant CB Manufacturing Company, Inc. is a Delaware for-profit corporation. According to records maintained by the New York Department of State, Division of Corporations, Defendant CB Manufacturing Company, Inc.'s agent for service of process is C T Corporation System, 28 Liberty St., New York, NY, 10005.

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Statuses as Employers

16.     Defendant PepsiCo Inc. is a multinational firm whose "products are [used] by consumers more than one billion times a day in more than 200 countries and territories around the world."[2] PepsiCo generated $70 billion in net revenue in 2020, and owns and distributes brands such as "Lays, Doritos, Cheetos, Gatorade, Pepsi-Cola, Mountain Dew, Quaker, and SodaStream… including many iconic brands that generate more than $1 billion each in estimated annual retail sales."[3] PepsiCo Inc. is made up of several divisions, including PepsiCo Beverages North America, Frito-Lay North America, and Quaker Foods North America.

17.     Defendant PepsiCo Inc. is an "employer" of Plaintiff and other members of the FLSA Collective and Ohio Class within the meaning of the FLSA, 29 U.S.C. § 203(d), and Ohio law.

18.     Defendant Bottling Group, LLC, "doing business as Pepsi Beverages Company, manufactures, distributes, and sells non alcoholic beverages. The Company offers soft drink, bottled water, energy drink, and fruit juices. Pepsi Beverages serves clients globally."[4] Upon information and belief, Defendant Bottling Group, LLC is a wholly owned subsidiary or affiliated company of Defendant PepsiCo Inc. Defendant Bottling Group, LLC has issued payroll to non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, during the relevant time period.

19.     Defendant Bottling Group, LLC is an "employer" of Plaintiff and other members of the FLSA Collective and Ohio Class within the meaning of the FLSA, 29 U.S.C. § 203(d), and Ohio law.

---

[2] https://www.pepsico.com/about/about-the-company (last accessed Jan. 28, 2022.)
[3] *Id.*
[4] https://www.bloomberg.com/profile/company/3687397Z:US (last accessed Jan. 28, 2022.)

20.     Upon information and belief, Defendant CB Manufacturing Company, Inc. is a wholly owned subsidiary or affiliated company of Defendant PepsiCo Inc. Defendant CB Manufacturing Company, Inc. has issued payroll to non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, during the relevant time period.

21.     Defendant CB Manufacturing Company, Inc. is an "employer" of Plaintiff and other members of the FLSA Collective and Ohio Class within the meaning of the FLSA, 29 U.S.C. § 203(d), and Ohio law.

22.     Defendants utilize non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, in furtherance of their business purposes.

23.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

24.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

25.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

26.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

***Defendants' Statuses as a "Single Employer" and "Single Enterprise"***

27.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the provision of Pepsi and related brands' products throughout the United States and internationally. Defendants were individually and jointly "employers" within the meaning of the FLSA and Ohio law.

28.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were "employees" of Defendants.

29.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' business.

30.     Defendants share common management.

31.     Defendants provide the same or similar array of products and services.

32.     Upon information and belief, Defendants share common ownership.

33.     Upon information and belief, Defendants share operational control over significant aspects of the day-to-day functions of Plaintiff and other members of the FLSA Collective and Ohio Class, including supervising and controlling schedules and conditions of employment.

34.     Likewise, upon information and belief, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

35.     Upon information and belief, Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

36.     Defendants shared control and maintenance of employment records.

37.     Defendants have shared and mutually benefitted from the work and services performed by Plaintiff and other members of the FLSA Collective and Ohio Class.

38.     Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and other members of the FLSA Collective and Ohio Class.

39.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and other members of the FLSA Collective and Ohio Class.

40.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

41.     Defendants provide the same services and products to customers by using a set formula when conducting business.

42.     Part of that set formula is the deprivation of overtime compensation to their employees as outlined in this Complaint.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

43.     Plaintiff Emanuele Stevens has been employed by Defendants from approximately October 2021 to the present as a machine operator. Defendants classify and pay Plaintiff, as well as other members of the FLSA Collective and Ohio Class, as a nonexempt hourly employee.

44.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

45.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Failure to Pay Overtime Compensation**

46.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

47.     Plaintiff Emanuele Stevens and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

48.     Defendants consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

49.     Instead of compensating Plaintiff Emanuele Stevens and other members of the FLSA Collective and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff and other members of the FLSA Collective and the Ohio Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

50.     Defendants shortchanged their hourly employees and failed to pay overtime compensation through unlawful practices that do not calculate weekly overtime at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

51.     Defendants' unlawful time payment policies as highlighted above denied Plaintiff and other members of the FLSA Collective and the Ohio Class compensable overtime hours and compensation they were entitled to be paid. Had Defendants kept accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but

not limited to by maintaining the records in a manner that was "**safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained**," 29 C.F.R. § 516.7 (emphasis added), Plaintiff and other members of the FLSA Collective and the Ohio Class would have been compensated for additional overtime hours for which they were not paid.

52.     As a direct and proximate result of Defendants' failure to keep accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but not limited to by maintaining the records in a manner that was "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained," 29 C.F.R. § 516.7, Defendants have not been paying overtime compensation to all non-exempt employees at at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Instead, upon information and belief, Defendants have been calculating and paying wages by averaging the hours worked in the weeks prior to the mid-December 2021 Kronos purported cybersecurity incident. While Emanuele Stevens, for example, and other members of the FLSA Collective and Ohio Class, worked significant amounts of overtime hours during the holiday season of December, 2021 and beyond, their actual overtime hours have not been paid at at least one and one-half times their regular rate of pay as specifically enumerated by the FLSA.

53.     While Plaintiff and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek, since approximately mid-December, 2021, Defendants have consistently failed to pay Plaintiff and other members of the

FLSA Collective and the Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

54.     Defendants' illegal overtime compensation pay practices, including the decision to calculate overtime wages based on a formula that does not consider actual overtime worked, were the result of systematic and company-wide policies originating at the management level.

55.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

**Defendants' Record Keeping Violations**

56.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

57.     Department of Labor regulations specifically required Defendants to maintain the records in a manner that was "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained." 29 C.F.R. § 516.7. To the extent that Defendants maintained the records at a central

recordkeeping office, other than in the place or places of employment, these records were required to be available within 72 hours. *Id.* Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

58.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

## The Willfulness of Defendants' Violations

59.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

60.     Defendants' executive, calculated decision to pay wages by averaging the hours worked in the weeks prior to the mid-December 2021 Kronos purported cybersecurity incident, a policy and practice that inherently does not consider Plaintiff's and other members of the FLSA Collective's and Ohio Class's actual overtime hours worked, and pay for the actual overtime worked at one and one-half times their regular rate of pay, constitutes a knowing and willful violation of the FLSA and state law.

61.     In addition, by denying Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation as required by the FLSA and Ohio law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the

information and guidance but failed to adhere to the principles of compliance as required.

Defendants therefore knew about the overtime compensation requirements of the FLSA and

Ohio law or acted in reckless disregard as to Defendants' obligations under the FLSA and Ohio

law.

62.     The above payroll practices resulted in knowing and willful overtime violations of

the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

63.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

64.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated."

65.     Plaintiff brings this case on behalf of an FLSA collective group of employees of

Defendants (referred to herein as the "FLSA Collective").

66.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to

Defendants' FLSA violations as to the FLSA Collective consist of:

> **All current and former hourly employees of Defendants in the United States from December 1, 2021 to the present who were (1) paid on an hourly basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.**

67.     Such persons are "similarly situated" with respect to Defendants' FLSA violations

in that all were non-exempt employees of Defendants, all were subjected to and injured by

Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in

13

excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid

overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

68.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §

216(b) is proper and necessary so that such persons may be sent a Court-authorized notice

informing them of the pendency of this action and giving them the opportunity to "opt in."

69.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers,

upon information and belief, that the FLSA Collective consists of over ten thousand (10,000)

persons. Such persons are readily identifiable through the payroll records Defendants have

maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

70.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

71.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of himself and other members of a class of persons who assert claims under the laws of

the State of Ohio (the "Ohio Class"), defined as:

> **All current and former hourly employees of Defendants in Ohio from
> December 1, 2021 to the present who were (1) paid on an hourly basis, and
> (2) were not paid overtime compensation in the amount of one and one-half
> times the employee's regular rate of pay for all hours worked over forty (40)
> in any workweek.**

72.     The Ohio Class is so numerous that joinder of all class members is impracticable.

Plaintiff cannot yet state the exact number of class members but avers, upon information and

belief, that they consist of several thousand persons. The number of class members, as well as

their identities, are ascertainable from the payroll and personnel records Defendants have

maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. §

14

211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const.

Art. II, § 34a.

73.     There are questions of law or fact common to the Ohio Class, including but not

limited to:

> Whether Defendants' conduct as described above violates Ohio law governing
> payment of overtime compensation;
>
> Whether Defendants denied employees overtime compensation under Ohio law
> where, among other things, employees were not paid wages for their overtime
> hours worked; and
>
> What amount of monetary relief will compensate Plaintiff and other members of
> the Ohio Class for Defendants' violations of O.R.C. §§ 4111.03 and 4111.10.

74.     Plaintiff's claims are typical of the claims of other members of the Ohio Class.

Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based

on the same legal theories, as the claims of other class members.

75.     Plaintiff will fairly and adequately protect the interests of the Ohio Class.

Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiff's counsel have broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio

Class in this case.

76.     The questions of law or fact that are common to the Ohio Class predominate over

any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class, listed above, are common to the class as a whole, and

predominate over any questions affecting only individual class members.

77.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Requiring class members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

78.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

79.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

80.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

81.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

82.     Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

83.     Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendants' deliberate failure to pay overtime compensation to Plaintiff

and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

84.     As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

85.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

86.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of himself and other members of the FLSA Collective and Ohio Class.

87.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

88.     Defendants' failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

89.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

90.     Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

E.      Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*

SCOTT & WINTERS LAW FIRM, LLC
**Joseph F. Scott** (Ohio - 0029780) (Application for Admission Pro Hac Vice *forthcoming*)
**Ryan A. Winters** (Ohio - 0086917) (Application for Admission Pro Hac Vice *forthcoming*)
**Kevin M. McDermott II** (Ohio - 0090455) (Application for Admission Pro Hac Vice *forthcoming*)
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for the Plaintiff, proposed FLSA Collection Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*

Ryan A. Winters (Ohio - 0086917)