UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EMANUELE STEVENS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 7:22-cv-00802-NSR |
| PEPSICO INC., BOTTLING GROUP, LLC, CB MANUFACTURING COMPANY, INC., FL TRANSPORTATIONS, INC., FRITO-LAY, INC., GOLDEN GRAIN, INC., GRAYHAWK LEASING, LLC, JUICE TRANSPORT, INC., NEW BERN TRANSPORT CORPORATION, PEPSI NORTHWEST BEVERAGES, LLC, PEPSI-COLA SALES & DISTRIBUTION, INC., PEPSI-COLA BEVERAGE SALES, LLC, PEPSICO SALES, INC., QUAKER MANUFACTURING, LLC, ROLLING FRITO-LAY SALES, LP, SVC MANUFACTURING, INC., TROPICANA MANUFACTURING CO., TROPICANA PRODUCT SALES, INC., TROPICANA SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| MOISES MADRIZ AND RODNEY ULLOA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:22-cv-04851-NSR |
| PEPSICO, INC.; NAKED JUICE CO.; NAKED JUICE CO. OF GLENDORA, INC.; TROPICANA PRODUCTS, INC.; TROPICANA SERVICES, INC., and DOES #1 through #50, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

| | | |
|---|---|---|
| RICARDO VIDAUD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:22-cv-04850-NSR |
| PEPSICO INC., | ) ) | |
| Defendant. | ) ) | |
| SETH MARSHALL and MATTHEW WHITE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 7:22-cv-02370-NSR |
| PEPSICO INC., BOTTLING GROUP, LLC, and CB MANUFACTURING COMPANY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| TYRELL KING, individually and on behalf of all others similarly situated, | ) ) | CASE NO. 4:22-cv-00360-KGB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PEPSICO INC., | ) ) | |
| Defendant. | ) ) | |
| KENNETHA MITCHELL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 7:22-cv-04555-NSR |
| PEPSICO INC., | ) ) | |
| Defendant. | ) ) | |

DONEDWARD WHITE, individually and on
behalf of all others similarly situated,      )
                                              )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )   CASE NO. 7:22-cv-05198-NSR
                                              )
PEPSICO INC.,                                 )
                                              )
            Defendant.                        )
                                              )

JAMAL WINGER, individually and on             )
behalf of all others similarly situated,      )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )   CASE NO. 1:22-cv-04828-NSR
                                              )
THE QUAKER OATS CO.,                          )
                                              )
            Defendant.                        )
                                              )

ALLISON POULSON, individually and on          )
behalf of all others similarly situated,      )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )   CASE NO. 7:22-cv-05196-NSR
                                              )
PEPSICO INC. d/b/a PFS and FRITO-LAY,         )
INC.                                          )
                                              )
            Defendants.                       )
                                              )

ROBNEY IRVING-MILLENTREE,                     )
individually and on behalf of all others      )
similarly situated,                           )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )   CASE NO. 1:22-cv-04784-NSR
                                              )
PEPSICO INC.,                                 )
                                              )
            Defendant.                        )

| | |
|---|---|
| TRACY ELLIS,<br>individually and on behalf of all others<br>similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 7:22-cv-05200-NSR<br>)<br>)<br>)<br>)<br>)<br>) |
| THOMAS PARRISH, individually and on<br>behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC. and<br>PEPSICO, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 7:22-cv-04556-NSR<br>)<br>)<br>)<br>)<br>)<br>) |
| DEVIN DROBSCH, individually and on<br>behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>PEPSICO INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 7:22-cv-04216-NSR<br>)<br>)<br>)<br>)<br>) |
| JOSHUA SMITH, individually and on behalf<br>of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 7:22-cv-04238-NSR<br>)<br>)<br>)<br>)<br>) |

| JACOB TSCHUDY, individually and on behalf of all others similarly situated, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 7:22-cv-04212-NSR |
| | ) |
| PEPSICO INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DECLARATION OF SETH R. LESSER
### IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
### OF CLASS AND COLLECTIVE ACTION SETTLEMENT

I, Seth R. Lesser, declare and state under penalty of perjury, the following:

1.     I am a partner at Klafter Lesser LLP and, along with co-counsel, represent Plaintiffs Emanuele Stevens, Moises Madriz, Rodney Ulloa, Ricardo Vidaud, Jorge Mendoza, Seth Marshall, Matthew White, Tyrell King, Kennetha Mitchell, Donedward White, Jamal Winger, Allison Poulson, Robney Irving-Millentree, Tracy Ellis, Thomas Parrish, Devin Drobsch, Joshua Smith, and Jacob Tschudy (together, "Plaintiffs").

2.     I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement.  Attached hereto as Exhibit A is a true and correct copy of the Parties' proposed class and collective action settlement agreement (the "Settlement Agreement").

3.     This litigation arises from an outage in "Kronos," a timekeeping system utilized by Defendants to track the daily hours and calculate the pay of its hourly-paid employees and also to track overtime hours of all employees entitled to overtime.

5

4.      As a result of a cyber-attack experienced by Kronos on December 11, 2021, Defendants were unable access any payroll data stored or entered into the system for the pay period beginning December 5 and ending December 11, 2021.

5.      The impact of the Kronos Outage lasted for sixteen additional weekly pay periods.

6.      Because of the Kronos Outage, Defendants resorted to imperfect and inaccurate methods of compensating their employees such as the use of averages of prior payments, other estimation techniques and chaotic measures for tracking employee hours.

7.      These measures provided no confidence to employees they would receive the compensation to which they were entitled which led to the filing of the *Stevens* action on January 31, 2022, and, thereafter, the following fourteen related collective and/or class actions by impacted employees:

      a. *Drobsch v. PepsiCo, Inc.,* No. 2:22-cv-00550-WSS (W.D. Pa.)
      b. *Ellis v. PepsiCo,. Inc.*, No. 2:22-cv-01895-JMV-LDW (D.N.J.)
      c. *Irving-Millentree v. PepsiCo, Inc.*, No 4-22-cv-00284-ALM (E.D. Mo.)
      d. *King v. PepsiCo, Inc.*, No. 4:22-cv-00360-KGB (E.D. Ark)
      e. *Madriz et al. v. PepsiCo, Inc., at al.*, No. 5:22-cv-00549-JGB-KK (C.D. Cal)
      f. *Marshall v. PepsiCo, Inc., et al.*, No. 7:22-cv-02370-PMH (S.D.N.Y.)
      g. *Mitchell v. PepsiCo., Inc.,* No 3:22-cv-00421-TJC-JBT (M.D. Fla.)
      h. *Parrish v. Frito-Lay North America, Inc*., No. 4:22-cv-00284-ALM (E.D. Tex.)
      i. *Poulson v. PepsiCo, Inc., et al.*, No. 1:22-cv-00725-RLY-DML (S.D. Ind.)
      j. *Smith v. PepsiCo., Inc.*, No. 3-22-cv-00184-HEH (E.D. Va.)
      k. *Tschudy v. PepsiCo., Inc.*, 3:22-cv-00210-WMC (W.D. Wis.)
      l. *Vidaud v. PepsiCo, Inc*., No. 2:22-cv-02713-ODW-KS (C.D. Cal.)
      m. *White v. PepsiCo, Inc.,* No. 1:22-cv-02066 (N.D. Ill.)
      n. *Winger v. The Quaker Oats Co*., No. 1:22-cv-02023 (N.D. Ill)

8.      Each of these cases, like the *Stevens* Action, involve claims that were brought either under the FLSA or under the laws of those states that have state wage and hour statutes analogous to the FLSA and arise from the same nexus of facts – namely, Defendants' inability to properly, fully, and timely pay its hourly employees during and due to the Kronos Outage.

6

9.      In effect, the proposed Settlement is an omnibus settlement that would, if approved, put an early end to related and potentially dogged litigation in numerous courts nationwide.

10.      Although the Kronos payroll system was restored on January 17, 2022, Defendants had to conduct significant tests to validate and confirm the stability of the payroll system before operations could resume.

11.      The system was restored in certain divisions for the payroll run on February 26, 2022, but for other divisions not until the payroll run on April 9, 2022, but Plaintiffs and the members of the Collective/Class still had not received accurate pay for the pay periods impacted by the Kronos Outage.

12.      To address this issue, PepsiCo retained Ernst & Young to conduct a payroll reconciliation process.

13.      This reconciliation process was aided by time recording information entered into the Kronos system by various employees that was not accessible until after the Kronos Outage.

14.      Plaintiffs, however, received inconsistent directions as to whether they should continue to enter their time in the Kronos system during the Kronos Outage.

15.      As a result of the reconciliation process, Defendants determined that they had underpaid 23,801employees by approximately $23,896,550.00 in the aggregate (the "Reconciliation Amount"). In addition, Defendants determined that 41,481 employees had been overpaid by $59,776,602 in the aggregate.

16.      On April 22, 2022, and then again on May 3, 2022, the Parties held full-day mediation sessions before Mr. Martin Scheinman, Esq., a highly regarded neutral, particularly in the wage and hour arena.

17.     On May 3, 2022, following successful mediation, the Parties executed a Term Sheet containing the terms agreed to as a result of the mediation.

18.     The following day, Defendants distributed the Reconciliation Amount among the 23,801 affected members of the Collective/Class.

19.     The Settlement will provide a fair, reasonable and adequate recovery to individuals employed by Defendants in the United States that were impacted by the Kronos Outage during the seventeen weekly pay periods between December 5, 2021, and April 9, 2022 (the "Class Period").

20.     As a prerequisite to the settlement, Plaintiffs insisted upon – and the Parties agreed – to Plaintiffs conducting confirmatory discovery as to, among other things, (1) Defendants' use of Kronos and consideration of back-up systems, (2) what was done by Defendants when the Kronos Outage occurred; (3) the manner Kronos was used by all the Defendants and whether the response to the Kronos Outage differed between Defendants; (4) how Defendants paid employees during the Kronos Outage period and how that was determined, including any overpayments; (5) which pay periods were impacted by the Kronos Outage; and (6), to the extent not extent not already covered by (4) how Ernst & Young did its analysis.

21.     Plaintiffs' counsel have not only completed that confirmatory discovery but also, separately, undertook to consult with their clients as to the accuracy of the data with respect to those clients.

22.     Plaintiffs and their counsel are satisfied that the proposed Settlement is in the best interests of the Collective/Class members.

23.     Particularly in complex wage and hour litigation like this one, involving both federal and state statutory rights, protracted litigation is costly and burdensome, including motion

practice and potential appeals over class and collective certification.  The continued process of litigating would have been time consuming, as experience has often shown in wage and hour cases.

24.     The Parties were well-informed in reaching this Settlement.  Plaintiffs' counsel has spoken to dozens of National Class Members impacted by the Kronos Outage from across the country and are knowledgeable as to the facts and circumstances involving the claims in this case.

25.     Plaintiffs' counsel also conducted extensive research as to the federal and state law claims at issue in this litigation.

26.     Defendants have also shared with Plaintiffs' counsel significant data and analysis regarding the underpayments at issue, the amounts they believe are owed, the number of individuals impacted (all of which was extensively analyzed by Plaintiffs' counsel), and generally the steps Defendants have taken in response to the Kronos Outage.  And, as noted above, the information from Defendants', as well as the facts underlying the claims in the case, were also subject to the confirmatory discovery undertaken by Plaintiffs' counsel.

27.     The Parties also had the benefit of two full days of mediation – approximately two weeks apart - during which additional questions were answered and information exchanged.

28.     The best possible recovery for liquidated damages is $23.9 million and the best possible recovery for New York and California penalties is approximately $23.3 million, for a total of approximately $47.2 million.

29.     Plaintiffs' counsel also have extensive backgrounds, history, and records of success in representing employees in wage and hour claims under both the FLSA and analog state class claims under state laws.  Attached as Exhibit B hereto are copies my own CV and firm

CVs or declarations of the movant Plaintiffs' counsels' firms representing the individuals in the consolidated settlement cases before this Court.

30.     As provided under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2022                                  /s/ Seth R. Lesser
                                                      Seth R. Lesser