USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/04/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUELE STEVENS, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEPSICO INC., BOTTLING GROUP, LLC, CB MANUFACTURING COMPANY, INC., FL TRANSPORTATIONS, INC., FRITO-LAY, INC., GOLDEN GRAIN, INC., GRAYHAWK LEASING, LLC, JUICE TRANSPORT, INC., NEW BERN TRANSPORT CORPORATION, PEPSI NORTHWEST BEVERAGES, LLC, PEPSI-COLA SALES & DISTRIBUTION, INC., PEPSI-COLA BEVERAGE SALES, LLC, PEPSICO SALES, INC., QUAKER MANUFACTURING, LLC, ROLLING FRITO-LAY SALES, LP, SVC MANUFACTURING, INC., TROPICANA MANUFACTURING CO., TROPICANA PRODUCT SALES, INC., TROPICANA SERVICES, INC., )<br>)<br>Defendants. | CASE NO. 7:22-cv-00802-NSR |
| MOISES MADRIZ AND RODNEY ULLOA, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEPSICO, INC.; NAKED JUICE CO.; NAKED JUICE CO. OF GLENDORA, INC.; TROPICANA PRODUCTS, INC.; and TROPICANA SERVICES, INC., )<br>)<br>Defendants. | 7:22-cv-04851<br>CASE NO. ~~1:22-cv-04851~~-NSR |

1

| | |
|---|---|
| RICARDO VIDAUD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 7:22-cv-04850<br>CASE NO. ~~1:22-cv-04850~~-NSR |
| SETH MARSHALL and MATTHEW WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPSICO INC., BOTTLING GROUP, LLC, and CB MANUFACTURING COMPANY, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 7:22-cv-02370-NSR |
| TYRELL KING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 7:22-cv-05351-NSR<br>CASE NO. ~~1:22-cv-00360-KGB~~ |
| KENNETHA MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 7:22-cv-04555-NSR |

2

| | |
|---|---|
| DONEDWARD WHITE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 7:22-cv-05198-NSR |
| PEPSICO INC., ) ) ) | |
| Defendant. ) ) | |
| JAMAL WINGER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | 7:22-cv-04828 |
| v. ) ) | CASE NO. ~~1:22-cv-04828~~-NSR |
| THE QUAKER OATS CO., ) ) ) | |
| Defendant. ) ) | |
| ALLISON POULSON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 7:22-cv-05196-NSR |
| PEPSICO INC. d/b/a PFS and FRITO-LAY, INC. ) ) ) ) | |
| Defendants. ) ) | |
| ROBNEY IRVING-MILLENTREE, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) ) | 7:22-cv-4784 |
| v. ) ) | CASE NO. ~~1:22-cv-04784~~-NSR |
| PEPSICO INC., ) ) ) | |
| Defendant. ) | |

3

| | |
|---|---|
| TRACY ELLIS,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 7:22-cv-05200-NSR<br>)<br>)<br>)<br>)<br>)<br>) |
| THOMAS PARRISH, individually and on<br>behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC. and<br>PEPSICO, INC.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 7:22-cv-04556-NSR<br>)<br>)<br>)<br>)<br>)<br>) |
| DEVIN DROBSCH, individually and on<br>behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PEPSICO INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 7:22-cv-04216-NSR<br>)<br>)<br>)<br>)<br>) |
| JOSHUA SMITH, individually and on behalf<br>of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 7:22-cv-04238-NSR<br>)<br>)<br>)<br>)<br>)<br>) |

4

| | |
|---|---|
| STARR MONTGOMERY, individually and on behalf of all others similarly situated, Plaintiff,<br>v.<br>FRITO-LAY INC., et al., Defendants. | CASE NO. 7:22-cv-06982-NSR |
| JACOB TSCHUDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO INC.,<br><br>Defendant. | CASE NO. 7:22-cv-04212-NSR |

# [PROPOSED]
# FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, Plaintiffs Emanuele Stevens, Moises Madriz, Rodney Ulloa, Ricardo Vidaud, Jorge Mendoza, Seth Marshall, Matthew White, Tyrell King, Kennetha Mitchell, Donedward White, Jamal Winger, Allison Poulson, Rodney Irving-Millentree, Tracy Ellis, Thomas Parrish, Devin Dobsch, Joshua Smith, William Muller, Jamaar Codrington, and Jacob Tschudy ("Plaintiffs") and Defendants PepsiCo, Inc. ("PepsiCo"), New Tiger LLC ("New Tiger"), and their various respective divisions and subsidiaries (collectively, "Defendants") (Plaintiffs and Defendants together, the "Parties") have entered into a Stipulation and Settlement Agreement ("Settlement Agreement") intended to resolve the claims asserted in this action that Defendants failed to timely, accurately, and/or fully pay Plaintiffs and Defendants' other non-exempt employees employed in the United States for all hours worked during the seventeen pay periods between December 5, 2021 and April 8, 2022 (the "Class Period") and other related claims arising under the Fair Labor Standards Act and state wage and hour related laws (the "Claims"), due to their payroll provider, the Ultimate Kronos Group ("Kronos") experiencing a cybersecurity incident that began on or about December 11, 2021 through February 12, 2022 (the "Kronos Outage"); and

WHEREAS, the Court preliminary approved the Settlement Agreement on December 2, 2022 (ECF No. 73), and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Motion, and the declarations filed in support of Plaintiffs' Motion; and

WHEREAS notice of the Settlement was sent to all members of the Class and Collective, and the period for objecting or seeking exclusion from the terms of Settlement has now passed; and

WHEREAS, a Fairness Hearing was held before the Court on April 4, 2023,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this lawsuit (the "Litigation"), Plaintiffs, the members of the FLSA Collective, National Class and New York and California Subclasses, Defendants, and the implementation and administration of the Settlement Agreement.

2. The Court adjudges the terms of the Settlement Agreement to be fair, reasonable and adequate, and in the best interests of Plaintiffs and members of the FLSA Collective, National Class, and New York and California Subclasses.

3. The Court hereby finally certifies the National Class, the New York Subclass and the California Subclass, pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in accordance with the terms of the Settlement Agreement.

4. The Court finds the method of disseminating the Settlement Notice to the members of the National Class, the New York Subclass, the California Subclass and the FLSA Collective constituted the best practicable means of providing notice of the settlement and constituted due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all members of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective entitled to participate in the settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23,

due process, the Constitution of the United States, the laws of the New York and all other applicable laws.

    5.    There were no objections filed within the Court-ordered objection period.

    6.    Of the 69,809 members of the Settlement classes, only 8 ("eight") individuals have requested to be excluded from the Settlement and, accordingly the release set forth in the Settlement Agreement shall, upon entry of this Judgement, be effective as to all members of the National Class, the New York Subclass, the California Subclass, and the FLA Collective, except as to Terry E. Rabb Jr., Gary Ceplina-Pearson, Charles Francoviglia, Joseph V. Sisneras, Joseph P. Skates, Brandon Moreno, Franciso Negrete, and Joseph Nava.

    7.    Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Class Counsel are hereby awarded $7,329,310.00 for attorneys' fees, to bedivided between Class Counsel pursuant to agreements between Class Counsel, and $38,328.84 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case. The attorneys' fees and expenses so awarded shall be paid from the Settlement pursuant to the terms of the Settlement Agreement.

    8.    Service Awards of $5,000 are approved for each of the following individuals, in recogniztion of their efforts as Named Plaintiffs: Emanuele Stevens, Moises Madriz, Rodney Ulloa, Ricardo Vidaud, Jorge Mendoza, Seth Marshall, Matthew White, Tyrell King, Kennetha Mitchell, Donedward White, Jamal Winger, Allison Poulson, Robney Irving-Millentree, Tracy Ellis, Thomas Parrish, Devin Drobsch, Joshua Smith, William Muller, Jamaar Codrington, and Jacob Tschudy.

    9.    Nothing relating to this Order, or any communications, papers, or orders related to the Settlement shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the collective

7

or class members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be certified, other than for settlement purposes only.

10. The Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of this Final Approval Order.

11. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this __**4th**__ day of __**April**__, 2023

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**Clerk of Court is requested to terminate the motion at ECF No. 75.**